Victoria BARNETTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 1011–84.

Court of Criminal Appeals of Texas,
En Banc.

May 14, 1986.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of murder by a jury that assessed her punishment at twenty years' imprisonment. The Austin Court of Appeals reversed in an unpublished opinion, holding that the trial court erred in refusing appellant's requested jury charge on guilt. *Barnette v. State* (Tex.App.—Austin, No. 3–83–186–CR, delivered May 2, 1984). We granted the State's petition to review this holding of the court of appeals.

Appellant was tried on a three count indictment alleging murder, reckless injury to a child, and negligent injury to a child. Appellant's infant son died as a result of being burned by hot water. The State offered two theories at trial: (1) that appellant intentionally placed the baby in a tub of scalding hot water, or (2) that appellant recklessly or negligently left the baby in a tub of lukewarm water, aware of the risk of the baby turning on the hot water faucet and thereby injuring himself. The jury was charged on both these theories and all three offenses.

The trial court also gave a charge on concurrent cause, quoting V.T.C.A. Penal Code, § 6.04(a):

"A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."

Appellant objected to the trial court's failure to apply this law to the facts of the case, and requested the following charge:

"You are, therefore, instructed that if you find or have reasonable doubt that

the minor child, RYAN BARNETTE, turned on the hot water thereby causing his own death and that such act was clearly sufficient to produce the result and that the act of the defendant in placing the child in the tub was clearly insufficient then you will find the defendant not guilty."

■ The court of appeals correctly held that appellant was not entitled to a charge on concurrent cause, and that the failure to apply that law to the facts was not error. Concurrent cause was not raised by the evidence presented to the jury. As to the murder count of the indictment, the State's theory was that appellant intentionally placed the baby in the scalding water. Appellant's theory was that she left the baby alone and he caused his own injury. This is not a concurrent cause. It is what the court of appeals called it, an *alternative* cause. As to the counts alleging injury to a child, the facts in appellant's requested charge are consistent with guilt under the State's theory that appellant caused the child's injury because she left him unattended knowing he could reach the hot water faucet. It was certainly not error for the trial court to refuse to instruct the jury to find appellant not guilty if they found to be true facts that would prove her guilty of injury to a child. Under any version of the evidence presented to the jury, therefore, appellant's requested charge was properly refused.[1] The court of appeals correctly so held.

However, the court of appeals went on to reverse the conviction because of an alleged error appellant had not raised in that court. Citing *Williams v. State,* 630 S.W.2d 640 (Tex.Cr.App.1982), the court of appeals held that appellant's requested instruction had been sufficient to apprise the trial court of the need for a charge on appellant's alternative cause theory. The court of appeals reversed because such a charge was not given, stating, "A defendant is entitled to an affirmative defensive instruction on *every issue* raised by the

evidence. *Warren v. State,* 565 S.W.2d 931 (Tex.Cr.App.1978)." (Emphasis in court of appeals' opinion.)

We agree with the dissent in the court of appeals that the majority has misread both the cases on which it relies. First of all, it has applied the holding of *Williams,* supra, too broadly. In *Williams,* the defendant filed a written request for a charge on the defense of necessity, setting out at some length the specific charge he wanted given to the jury. This Court said of the defendant's requested charge, "This is not a perfect charge." *Id.* at 643. There were certain errors in the requested charge. What *Williams* held was that the requested charge was nonetheless sufficient to give notice to the trial court that the defendant was entitled to a charge on necessity, *the* issue on which the defendant was requesting a charge.

In *Austin v. State,* 541 S.W.2d 162, 166 (Tex.Cr.App.1976), on which *Williams* relied, the defendant's requested charge on mistake of law, V.T.C.A. Penal Code, § 8.03, improperly stated the burden of proof. However, the flawed requested charge was sufficient to call the trial court's attention to the potential need for a charge on that issue, mistake of law.

In the instant case appellant specifically requested a charge on concurrent cause. It is doubtful whether that request was sufficient to alert the trial court to the need for a charge on "alternative" cause, an entirely different issue.

We need not decide the case on this basis, because appellant was not entitled to a charge on "alternative cause" in any event. The court of appeals correctly quoted *Warren,* supra at 933: "A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence ..." In *Warren* we held the evidence raised selfdefense and the defendant was entitled to a charge on that issue. V.T. C.A. Penal Code, § 9.31. In *Thomas v. State,* 678 S.W.2d 82 (Tex.Cr.App.1984), the

---

1. Appellant did not specifically request that this charge be applied either to the offense of murder or of injury to a child. Presumably she wished it applied to both.

defendant was entitled to a charge on the defense of necessity. V.T.C.A. Penal Code, § 9.22. Such defensive issues, however, offer more than a mere "alternative" to the State's theory of culpability. A defendant who relies on a justification or defense such as one of those enumerated in chapters 8 and 9 of the Penal Code does not deny any element of the State's case. He admits to having committed the culpable conduct charged, but asserts he should be found not guilty because his action was somehow justified or excusable. *Sanders v. State*, 707 S.W.2d 78 (Tex.Cr.App., 1986). That is why he is entitled to a jury charge on such an issue, so that the jury can find that the State has proven every element of the offense and yet find the defendant not guilty.[2]

"Alternative cause," however, is not such a defense. It is simply a different version of the facts, one which negates at least one element of the State's case. It is well settled that, "The denial of a defendant's requested instruction is not error where the requested instruction is merely an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case." *Green v. State*, 566 S.W.2d 578, 584 (Tex. Cr.App.1978); *Cannon v. State*, 691 S.W.2d 664, 676 (Tex.Cr.App.1985).

■ In the instant case, as we have noted, appellant was not entitled to her requested charge as to the offenses of reckless or negligent injury to a child because the charge was consistent with guilt. As to the offense of murder appellant's requested charge merely denied the essential elements of culpable conduct. V.T.C.A. Penal Code, § 19.02(a). Appellant was not entitled to such a charge as to that offense either. *Green*, supra. It was not error for the trial court to refuse the requested charge. *Sanders*, supra.

**2.** The obvious statutory exception is mistake of fact, which is a defense to prosecution only if the defendant's "mistaken belief *negated the kind of culpability* required for commission of the offense." V.T.C.A. Penal Code, § 8.02. Thus to support such a defense there must be

Finding no reversible error, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

TEAGUE, J., concurs in result.

not only a reasonable doubt whether defendant was mistaken as to an issue of fact, but also that that mistake negated at least one element of the offense. See *Jackson v. State*, 646 S.W.2d 225 (Tex.Cr.App.1983).