Gabino BARRERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00065–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 21, 1988.

Discretionary Review Refused
Nov. 30, 1988.

H. Paul Canales, San Antonio, for appellant.

Fred G. Rodriguez, Micahel Granados, Margaret Embry, Jay Brandon, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

Appellant was charged by indictment with the offense of capital murder. A jury found appellant guilty of the lesser included offense of murder and assessed his punishment at confinement for life.

■ Appellant's first point of error is that the evidence is insufficient to sustain the jury's verdict because the State's evidence failed to establish that the stab wounds, allegedly inflicted by appellant, caused the death of the deceased. The State's evidence, according to appellant, proved that an independent intervening medical procedure was the cause of death.

This analysis of the evidence by appellant leads to his second, and related point of error, which is that the trial court erred in refusing his third requested charge which would have authorized the jury to acquit appellant of capital murder and murder if they found that death was caused by an independent intervening medical procedure.

The indictment, in the instant cause, charged appellant with capital murder, in pertinent part, as follows:

" .... and on or about the 31st day of MARCH, A.D., 1986, GABINO BARRERA, hereinafter called defendant, did then and there intentionally cause the death of an individual, namely: HAROLD WADE GERMAN, hereinafter called complainant, by CUTTING AND STABBING THE SAID COMPLAINANT WITH A KNIFE, and the said defendant did then and there intentionally cause the death of the said complainant while in the course of committing and attempting to commit the offense of ROBBERY upon THE SAID COMPLAINANT;

The evidence presented by the State showed that the eighty-three year old complainant was found by investigating officers on March 31, 1986, in his home. The complainant was bleeding from multiple stab wounds to the chest area and was unconscious. He was transported to a hospital by medical personnel summoned by the officers. The complainant died on May 5, 1986.

Dr. Robert C. Brux, a medical examiner for Bexar County, testified that he performed an autopsy on the deceased complainant. Dr. Brux testified that he listed the cause of death as multiple complications resulting from the stab wounds to the chest. Death was a direct consequence of the stab wounds. Based upon his examination, he concluded that whoever inflicted those stab wounds caused the death of the complainant.[1]

On cross-examination, Dr. Brux testified that the complications included renal failure, septicemia, respiratory failure and a stroke. Dr. Brux theorized that during the performance of an angiogram on the complainant at the hospital, a plaque was dislodged which went to the brain and resulted in the occluding of a blood vessel there. This then caused the thrombus to form and resulted in brain death to one side of the brain.

The possibility of dislodging plaque during an angiogram is a known risk to doctors but Brux believed that the type of injuries sustained by the complainant would call for, under a high standard of care, the performance of that test. Dr. Brux maintained his opinion that the complainant's death was caused by the complications resulting from the infliction of the stab wounds.

We find that the evidence is sufficient to show that the stab wounds inflicted by appellant on the complainant were the cause of all the complications suffered by the complainant which eventually caused his death. *See* Tex.Penal Code Ann. § 6.04 (Vernon 1974) and *Jones v. State,* 582 S.W.

1. The evidence showed, and appellant does not dispute, that it was appellant who stabbed the complainant.

2d 129 (Tex.Crim.App.1979). Appellant's first point of error is overruled.

■ We also find that under the foregoing evidence the trial court properly denied appellant's third requested charge. While the trial court did charge on causation pursuant to Tex.Penal Code Ann. § 6.04 (Vernon 1974), appellant's requested charge involved an "alternative cause" for the complainant's death and thus was only a denial of one of the essential elements of the State's case that he, appellant, had caused the death of the complainant. *Cf. Barnette v. State*, 709 S.W.2d 650 (Tex. Crim.App.1986). Where a defendant's requested instruction is merely an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case, the denial of the requested instruction is not error. *Id.* Appellant's second point of error is overruled.

■ Appellant's third point of error is that the trial court erred in denying his fourth requested charge which would have instructed the jury that accomplices cannot corroborate each other.

Three accomplices, Frank John Flores, Roland Chavez and Demetrio Solis, testified for the State. With regard to these witnesses, the court gave the following instructions to the jury in the court's charge:

You are instructed that an accomplice witness, as the term is hereinafter used, means any person connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime, such as parties, by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense and whether or not they were present and participated in the commission of the crime.

You are instructed that a conviction cannot be had upon the testimony of an accomplice witness unless the jury first believes that the accomplice witness' testimony is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice witness' testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.

The witnesses, Frank John Flores, Roland Chavez and Demetrio Solis, are accomplices, if an offense was committed, and you cannot convict the defendant upon their testimony unless you first believe that their testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case, outside of the evidence of the said Frank John Flores, Roland Chavez and Demetrio Solis tending to connect the defendant with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt the the defendant is guilty of the offense charged against him.

As is evident from a reading of the third paragraph in the portion of the charge quoted above, the trial court did in fact charge the jury, albeit in a different manner, that one accomplice could not corroborate another. That portion of the third paragraph wherein the court instructed the jury that they could not convict appellant unless they believed there was testimony outside of the evidence given by the three accomplices that tended to connect the appellant with the offense is sufficient to inform the jury that one accomplice cannot corroborate another.

No error is shown where the charge given, as here, adequately covers the issue raised in a requested charge. *Viduarri v. State*, 626 S.W.2d 749 (Tex.Crim.App.1981) and *Kemper v. State*, 643 S.W.2d 758 (Tex. App.—San Antonio 1982, no pet.). Appellant's third point of error is overruled.

■ In his fourth point of error, appellant alleges that the trial court erred by charging the jury on the lesser offense of murder under the definition of committing an act clearly dangerous to human life which allowed the jury to convict appellant on a theory not supported by the indictment.

The record reflects that in charging on the lesser included offense of murder the trial court included a charge under Tex. Penal Code Ann. § 19.02(a)(2) (Vernon 1974). Appellant asserts that such a charge constitutes reversible error when the indictment alleges an intentional murder, as does the one in the instant case. Thus, according to appellant, the jury was authorized to convict appellant under a theory not included in the indictment. For supporting authority, appellant relies upon *Jeffcoat v. State,* 644 S.W.2d 719 (Tex. Crim.App.1982); *Ward v. State,* 615 S.W.2d 752 (Tex.Crim.App.1981); *Infante v. State,* 612 S.W.2d 603 (Tex.Crim.App.1981); *Young v. State,* 605 S.W.2d 550 (Tex.Crim. App.1980); and *Garcia v. State,* 574 S.W. 2d 133 (Tex.Crim.App.1978).

■ We note initially that the defendant was not charged with capital murder in any of the cases relied upon by appellant. The applicability of the cases cited by appellant to capital cases considered in light of *Cunningham v. State,* 726 S.W.2d 151 (Tex. Crim.App.1987) and the facts presented in the instant case is questionable. We admit that one of the essential elements of murder under § 19.02(a)(2), *supra,* is the intent to cause serious bodily injury, *see Ussery v. State,* 651 S.W.2d 767, 773 (Tex.Crim.App. 1983), and this specific element is not expressly alleged in the instant indictment. This, however, did not preclude the trial court from charging the jury on this particular form of murder if raised by the evidence. *Cf. Cunningham v. State,* 726 S.W.2d at 155 ("Since jurisdiction of the trial court was properly invoked to try the offense charged, that such specific intent was not expressly alleged in the indictment will not bar an adjudication of guilty of a lesser included offense of which such intent is an element.") Additionally, as was noted in *Livingston v. State,* 739 S.W.2d 311, 336 (Tex.Crim.App.1987), under § 19.03, *supra,* if a jury does not find beyond a reasonable doubt that a defendant is guilty of capital murder, he may still be convicted of murder or any other lesser included offense and these lesser included offenses include all forms of criminal homicide.

■ There is an additional reason why appellant's fourth point of error must fail. The record reflects, as the State correctly points out, that appellant himself requested the very charge of which he now complains. Counsel for appellant stated to the trial court:

MR. ANGELINI: At this time, Your Honor, we are requesting that there be an application paragraph on the other two counts of murder. There is only an application paragraph on one kind of murder, normally, not on committing an act clearly dangerous to human life and not on one in the course of, in the furtherance of the commission or attempt or immediate flight from commission or attempt, he commits or attempts to commit an act clearly dangerous to human life or causing the death of an individual. Both of those issues are raised by the evidence. The Court has given a definition of, but not applied any kind of application paragraph to those two separate definitions of murder.

After a few more brief remarks, the record reflects the following:

THE COURT: Okay. Go Ahead. You want applications on all three?

MR. ANGELINI: All three definitions of murder, yes, sir.

THE COURT: Okay.

■ The error, if any, in giving the charge was invited by and was beneficial to appellant. A defendant may not request a charge, enjoy the benefits of that charge as requested and then complain on appeal of any error. *Livingston v. State,* 739 S.W.2d at 341, and cases cited therein. Appellant's fourth point of error is overruled.

■ In point of error number one of appellant's supplemental brief, appellant al-

leges that the trial court erred in granting a State requested charge which permitted the jury to find that a deadly weapon was used when the State had failed to give notice that it would seek such a finding. Appellant relies upon the decision in *Ex Parte Patterson,* 740 S.W.2d 766 (Tex. Crim.App.1987).

The type of notice required by the decision in *Ex Parte Patterson, supra,* was not afforded appellant in this cause and this point of error must be sustained. Accordingly, the judgment of the trial court is reformed to delete any reference to the jury's answer affirmatively finding the use and/or exhibition of a deadly weapon by appellant.

The judgment, as REFORMED, is AFFIRMED. The Clerk of this Court is hereby instructed to forward a copy of this opinion to the Texas Department of Corrections.