Affirmed and Opinion Filed May 28, 1997



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-95-01663-CR

## MICHAEL BRANNON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. MB95-43767-G**

# OPINION

Before Justices Lagarde, Hankinson, and Bridges
Opinion By Justice Hankinson

A jury convicted appellant Michael Brannon of evading arrest or detention. Punishment was assessed at ninety days confinement in the Dallas County Jail, probated for twelve months, and a $300 fine. In one point of error, appellant contends that the trial court erred in failing to charge the jury on the defense of necessity. Because appellant denied committing the offense, we conclude that the trial court properly refused appellant's requested charge. We accordingly affirm the trial court's judgment.

## BACKGROUND

Officer Mike Pendleton testified that at 3:10 a.m. on January 9, 1995, he was driving south in a marked patrol car on Greenville Avenue when he saw a northbound car speeding. As the two cars passed each other, Pendleton said that the driver of the other vehicle looked at him. Pendleton made a U-turn, activated his lights, and, when the other car accelerated, engaged in a high-speed chase from the 8100 to the 9600 block of Greenville Avenue. The fleeing vehicle then turned onto Windy Crest, where in addition to speeding, it extinguished its lights. Once the chase went onto Windy Crest, which Pendleton described as a heavily residential area, Pendleton activated his siren. From Windy Crest, the other car turned onto Dove Meadow and pulled into a driveway. Pendleton said that the total distance of the chase was about twenty-one blocks. During the chase, Pendleton saw no other car pursuing the fleeing car. Pendleton arrested appellant, the driver. After determining appellant's identity, Pendleton discovered that appellant had an outstanding arrest warrant for a traffic violation.

Charles Dicks, a passenger in the car appellant was driving, said that he thought they were fleeing an irate motorist with a gun. Dicks denied seeing any police until they were on Dove Meadow. He maintained that once they saw the police, appellant slowed down immediately and stopped.

Appellant, like Dicks, thought that they were being pursued by a car with three or four men in it, one of whom had a gun. Appellant said that he was on Dove Meadow before he first realized a police car was behind him. After seeing the police, he pulled over

-2-

promptly. Appellant denied knowing there was a warrant out for his arrest.

## DISCUSSION

In his only point of error, appellant argues that the trial court erred by not charging the jury on the defense of necessity. Appellant maintains that (1) he reasonably believed that his conduct was immediately necessary to avoid imminent harm and (2) according to ordinary standards of reasonableness, the harm he sought to avoid (being shot) outweighed the harm the law sought to prevent by his evading arrest or detention. *See* TEX. PENAL CODE ANN. § 9.22(1), (2) (Vernon 1994). Appellant also argues that the legislature has not excluded his justification. *See id.* § 9.22(3).

The State responds that before appellant was entitled to an issue on the necessity defense, he had to admit committing the offense and argue that other circumstances justified his conduct. *See Maldonado v. State*, 902 S.W.2d 708, 712 (Tex. App.--El Paso 1995, no pet.). A person commits the offense of evading arrest or detention "if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a) (Vernon 1994). Because appellant denied knowing that he was fleeing a police car, the State maintains that appellant denied the existence of an essential element of the State's case. The State concludes that appellant's testimony, far from compelling, actually precluded submission of the necessity defense. *See Barnette v. State*, 709 S.W.2d 650, 652 (Tex. Crim. App. 1986) (defendant who relies on defense under chapter 9 of the Texas Penal Code does not deny any element of the offense; instead, defendant admits committing the offense but argues that his conduct was justified).

Appellant responds that he had alternative defenses. He maintains that he denied committing the offense or, in the alternative, to the extent he committed the offense, his conduct was justified. Appellant maintains that even where a defendant asserts the necessity defense in the alternative, he is nevertheless entitled to its submission. *See Thomas v. State*, 678 S.W.2d 82, 84-85 (Tex. Crim. App. 1984).

We agree with appellant that a defendant who produces evidence from which he can assert alternative defenses, one of which is necessity, is entitled to an issue thereon. *Id.* Where we disagree with appellant is on his assertion that he produced evidence supporting alternative defenses. In *Thomas*, the defendant's testimony was susceptible to different interpretations, one of which may have constituted an admission of guilt. *See id.* at 85. In contrast, appellant's testimony was straightforward: He was not aware that he was fleeing a police car. We therefore conclude that appellant misplaces his reliance on *Thomas*.

Appellant also emphasizes that he admitted speeding and driving at night without lights. But these admissions are immaterial. He was not charged with those offenses. He was charged with evading arrest or detention. Before appellant was entitled to an issue on necessity, he had to admit evading arrest or detention and produce evidence that his flight from the police was necessary and justified. *See Barnette*, 709 S.W.2d at 652; *Maldonado*, 902 S.W.2d at 712. Appellant admitted fleeing a threatening motorist; he did not admit fleeing the police because he was afraid an unknown motorist might shoot him before the

police could intervene. We accordingly overrule his point of error.

We affirm the trial court's judgment.

_Deborah G. Hankinson_
DEBORAH G. HANKINSON
JUSTICE

Do Not Publish
Tex. R. App. P. 90
951663F.U05





## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL BRANNON, Appellant

No. 05-95-01663-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the County Criminal Court No. 6 of Dallas County, Texas. (Tr.Ct.No. MB95-43767-G).
Opinion delivered by Justice Hankinson, Justices Lagarde and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 28, 1997.

DEBORAH G. HANKINSON
JUSTICE