NO. 07-10-0390-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 24, 2012

_____

JEANNE PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-423,082; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following open pleas of guilty, Appellant, Jeanne Perez, was convicted of two counts of intoxication manslaughter,[1] with an affirmative finding on use of a deadly weapon. Her sentences of fifteen years confinement as to each count were ordered to run concurrently. Presenting a sole point of error, Appellant challenges her conviction

_____

[1]Tex. Penal Code Ann. § 49.08(a) (West 2011).

as to Count II only.  By a single issue presented in two subparts, Appellant contends the trial court erred in failing to: (1) withdraw her plea of guilty *sua sponte,* and (2) direct a verdict of not guilty as to Count II, because evidence of her innocence was presented by the State.  We affirm.

## Factual Background

At approximately 2:26 a.m. on March 18, 2009, in Lubbock, Texas, Appellant was driving from east to west when she ran a red light at an intersection causing her SUV to strike both a white pickup and a motorcycle heading south through a green light.  The motorcycle was driven by Dwight Griffith.  His wife, Trisha Griffith, was a passenger.  Both Dwight and Trisha died as a result of the collision.  A digital recording device installed in the patrol car of Texas Tech University Police Officer, James Snow, recorded the accident.

Lubbock Police Officer Jacob Flores was dispatched to the accident and made contact with Appellant.  She was transported to the hospital and Officer Flores reported to that location.  While Appellant was in the emergency room, Officer Flores observed signs of intoxication.  Statutory warnings were administered to her but she would not consent to a blood draw.  Officer Flores then explained that he would conduct a mandatory blood draw.  *See* Tex. Transp. Code Ann. § 724.012(b) (West 2011).  The first sample was taken at 3:35 a.m., but after it was discovered that the expiration date on the test kit had lapsed, a second sample was taken at 4:30 a.m.  The first sample showed a blood alcohol concentration of 0.34 and the second sample showed a blood alcohol concentration of 0.30.  Both results are above the legal limit of 0.08.  *See* Tex.

Penal Code Ann. § 49.01(2)(B) (West 2011). By a single indictment, Appellant was charged with two counts of intoxication manslaughter.[2]

## Withdrawal of Plea of Guilty

In *Mendez v. State*, 138 S.W.3d 334, 336 (Tex.Crim.App. 2004), the Texas Court of Criminal Appeals held that on timely request a defendant has a right to change his or her plea but that a court is under no duty to do so on its own motion. Prior to *Mendez*, a trial court was required to *sua sponte* withdraw a defendant's guilty plea if the evidence reasonably and fairly raised an issue as to the innocence of the accused. *See Griffin v. State*, 703 S.W.2d 193 (Tex.Crim.App. 1986). *Mendez* acknowledged the *Griffin* line of cases but injected that none of those cases discussed harmless error or waiver. *Mendez*, 138 S.W.3d at 337-38. Accordingly, the law now places the requirement of timely seeking to withdraw a guilty plea in a case in which trial by jury has been waived upon the defendant. *Id.* at 350. Under the current state of the law, an appellant waives any error by failing to call it to the trial court's attention. *Mendez*, 138 S.W.3d at 337-38. Even assuming the evidence raised an issue as to Appellant's innocence, because Appellant never requested to have her plea withdrawn her complaint that the trial court erred in failing to do so *sua sponte* was waived.

## Failure to Grant a Directed Verdict

Appellant's open plea of guilty to Count II of the indictment notwithstanding, the State was still required to introduce evidence into the record showing her guilt. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). A complaint that the trial court failed

---

[2]Count I related to the death of Dwight Griffith and Count II related to the death of his wife, Trisha Griffith.

3

to grant a directed verdict is a challenge to the legal sufficiency of that evidence. *Lucio v. State*, 351 S.W.3d 878, 905 (Tex.Crim.App. 2011) (citing *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996)). Under a legal sufficiency review, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010).

To meet its burden the State was required to establish that Appellant was operating a motor vehicle while intoxicated and that by reason of her intoxication, she caused the death of another by accident or mistake. Tex. Penal Code Ann. § 49.08(a) (West 2011). According to Appellant, the video recording from Officer Snow's patrol car showed she was innocent in the death of Trisha Griffith because her SUV did not strike Trisha. She reasons that the third vehicle involved in the collision, the white pickup, made contact with Trisha and thus, the State did not prove the element of causation beyond a reasonable doubt.

Causation in the Texas Penal Code is defined as "but for" causation. *See* § 6.04(a). A person is criminally responsible if the result would not have occurred *but for* his or her conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient. *Id.*

4

Officer Snow testified that he witnessed "a giant trail of sparks and then a large fireball erupt" at the time of the accident. The evidence shows that Appellant's blood alcohol concentration just shortly after the accident was 0.34, more than four times the legal limit of 0.08. The evidence also shows that she ran a red light causing her SUV to strike the motorcycle the Griffiths were riding at a high rate of speed. Officer Mike McGowan, assigned to the accident reconstruction unit, testified that neither Dwight Griffith nor the driver of the white pickup was engaged in bad driving or committed any traffic violations. He further testified that based on the images and times depicted in the video recording, he mathematically calculated that Appellant ran the red light at a speed of sixty-eight miles per hour in an area with a thirty-five mile per hour speed limit.[3] He elaborated that Appellant's SUV struck the motorcycle with enough force to push it beyond the white pickup and then the white pickup struck the back right side of the SUV. The force of the impact caused Trisha's body to be thrown west of the intersection and her shoe may have made contact with the top of the white pickup.

This evidence establishes beyond a reasonable doubt that Appellant was intoxicated and that due to her intoxication she set into motion a series of events that directly lead to Trisha's death. Appellant's intoxication was also the cause of the white pickup even being involved in the collision. But for Appellant's intoxication and running the red light, Trisha's death would not have occurred.

Additionally, even if the white pickup was a concurrent cause of Trisha's death, it alone was insufficient to produce her death. It was not an alternative cause that

---

[3]According to the evidence, the speed limit upon entering the intersection from the east is thirty-five miles per hour and it increases to forty-five miles per hour to the west of the intersection, where the collision ended.

resulted in Trisha's death independent of Appellant's conduct. *See Barnette v. State*, 709 S.W.2d 650, 651 (Tex.Crim.App. 1986) (distinguishing between alternative and concurrent causation). *See also Goode v. State*, No. 1308-0645-CR, 2010 Tex. App. LEXIS 2128, at *15 (Tex.App.--Corpus Christi March 25, 2010, pet. ref'd) (not designated for publication).

Accordingly, we hold that a rational trier of fact could have reasonably concluded beyond a reasonable doubt that Trisha's death would not have occurred but for Appellant's intoxication. The evidence offered to support Appellant's plea of guilty was legally sufficient and her sole point of error is overruled.

## Conclusion

Accordingly, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.