

# NUMBER 13-11-00119-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JAMES BALDWIN,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                     **Appellee.**

## On appeal from the 377th District Court
## of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

By five issues, which we have reorganized and renumbered, appellant, James Baldwin, appeals his conviction and 15-month sentence for the state jail felony offense of injury to a child by criminal negligence. *See* TEX. PENAL CODE ANN. § 22.04(a)(1), (g) (West Supp. 2011). We affirm.[1]

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

**I. SUFFICIENCY OF THE EVIDENCE**

In his first issue, appellant argues that the evidence is insufficient to support his conviction for injury to a child.

### A.    Standard of Review

Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899-99 (Tex. Crim. App. 2010) (plurality op.) (characterizing the *Jackson* standard as: "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt"). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

In reviewing the sufficiency of the evidence, we look at events occurring before, during, and after the commission of the offense, and we may rely on actions of the appellant that show an understanding and common design to do the prohibited act. *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Each fact need not point

2

directly and independently to the appellant's guilt, so long as the cumulative effect of all the incriminating facts is sufficient to support the conviction. *Id.*

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 307 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

**B.    Discussion**

Under a hypothetically correct jury charge, the State was required to prove that appellant, acting with criminal negligence, caused a child serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.04(a)(1). Appellant complains that the State failed to meet this burden because there was no eyewitness testimony offered at trial and because the State's evidence against him is therefore purely circumstantial. *But see Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) ("Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.").

At trial, the State offered evidence and testimony that appellant caused serious bodily injury to a child, age two months or younger, by grabbing the child with his hands and shaking the child, thereby causing the child to suffer trauma to his head and torso.

The evidence showed that appellant was home alone with the child at the time the child sustained these serious bodily injuries.

There was also expert medical testimony offered by the State showing that the head injuries caused to the child in this case are seen in babies who have been ejected from cars and babies who have been the victims of abusive trauma. There was also expert medical testimony offered by the State showing that the torso injuries suffered by the child in this case (rib fractures) may be caused by the whiplash from acceleration and deceleration. Finally, there was the following testimony from an employee of Driscoll Children's Hospital, where the child was taken to be treated after the injuries:

> [Appellant] said that he did have some concern with his style of burping the child, He said that he's unsuccessful when he carries the child up near his shoulder, so he will hold the child while supporting his head and he pats him while the child is sitting up. And [appellant] said, "If that's what caused all of this, it was me. I will never do that again."

We conclude that the foregoing evidence is sufficient to prove appellant's guilt. The evidence established that the child suffered serious bodily injuries. There was evidence that appellant was alone with the child at the time the child sustained the injuries. In addition, the expert testimony established that the injuries were consistent with physical abuse. *See Barcenes v. State*, 940 S.W.2d 739, 745 (Tex. App.—San Antonio 1997, pet. ref'd) (stating that medical testimony and circumstantial evidence are sufficient to prove causation) (citing *Barrera v. State*, 756 S.W.2d 884, 885 (Tex. App.—San Antonio 1988, pet. ref'd)).

To the extent appellant's complaint that there was no eyewitness testimony pertains to the jury's finding of a culpable mental state, we note that a culpable mental state generally must be established by circumstantial evidence and may be inferred

4

from the acts, words, and conduct of the accused. *See id.* Moreover, "[intent] may also be inferred from the extent of the injuries and the relative size and strength of the parties." *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). In this case, the jury's finding that appellant acted with criminal negligence is supported by the foregoing factors, in addition to appellant's statement, "If that's what caused all of this, it was me. I will never do that again."

Accordingly, appellant's first issue is overruled.

## II. EVIDENTIARY ERROR

In issues two, three, four, and five, appellant complains of evidentiary error by the trial court.

### A.    Standard of Review

The standard of review for a trial court's ruling under the rules of evidence is abuse of discretion. *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Romero v. State*, 800 S.W.2d 539, 543-544 (Tex. Crim. App. 1990).

### B.    Discussion

In his second, third, fourth, and fifth issues, appellant complains that the trial court erred in admitting evidence of extraneous bad acts involving injury to a child. Before trial, appellant filed a motion *in limine*, which the trial court denied. When the evidence was offered at trial, appellant did not object to its admission.

5

The trial court's pre-trial ruling on a motion *in limine* is a preliminary ruling only and normally preserves nothing for appellate review. *See Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003). In this case, appellant's motion *in limine* was a true motion *in limine*, requesting that "the Court enter an order instructing the State, its agents, its employees and its witnesses not to mention, allude to or refer to, in any manner, [the complained of evidence] in the presence of the jury . . . [until] a hearing [is] . . . held outside the presence of the jury for determination [of] whether [the evidence is admissible]." *See Draughon v. State*, 831 S.W.2d 331, 333 n.1 (Tex. Crim. App. 1992) (noting that the defendant's motion was not a true motion *in limine* because "it does not constitute a request that the admissibility of evidence or disposition of other matter by the court be determined outside the jury's presence . . . . Ordinarily, we do not consider a motion *in limine* sufficient to preserve for appellate review the exclusion of evidence, because there is no adverse ruling on the admissibility of such evidence until it is tendered and an objection interposed") (internal citations omitted). Accordingly, even though the trial court denied appellant's motion *in limine* before trial, it was still necessary for appellant to object to the evidence when the State tendered it for admission during trial. *See Gonzales v. State*, 685 S.W.2d 47, 50 (Tex. Crim. App. 1985) (stating that "for error to be preserved with regard to the subject matter of the motion *in limine* it is absolutely necessary that an objection be made at the time when the subject is raised during trial"). Appellant failed to make an appropriate objection at trial and therefore failed to preserve his complaint for appellate review. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (explaining that to preserve error, an

objection must be timely, specific, pursued to an adverse ruling, and contemporaneous—that is, made each time inadmissible evidence is offered).

Appellant's second, third, fourth, and fifth issues are overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
16th day of August, 2012.