

# In the Court of Criminal Appeals of Texas

---

No. PD-0257-21

---

DANNA PRESLEY CYR,

*Appellant*

v.

THE STATE OF TEXAS

---

On State's Petition for Discretionary Review
From the Eleventh Court of Appeals
Gaines County

---

YEARY, J., filed a dissenting opinion.

In its petition for discretionary review in this case, the State Prosecuting Attorney (SPA) urges the Court to hold that the "concurrent cause" provision of Section 6.04(a) of the Texas Penal Code simply has

no application to an offense that is committed by omission rather than by commission. TEX. PENAL CODE § 6.04(a).[1] As I understand the Court's opinion today, it implicitly rejects that categorical approach, but it concludes that Appellant has failed to point to any evidence in the case that would have justified the trial court in submitting a "concurrent cause" instruction to the jury in any event. I disagree with both the SPA and the Court, and so I respectfully dissent.

## I. INJURY TO A CHILD BY OMISSION

According to the Penal Code, "[e]lement of offense means: (A) the forbidden *conduct*; (B) the required culpability; (C) any required *result*; and (D) the negation of any exception to the offense." TEX. PENAL CODE § 1.07(22).[2] As for "conduct," that "means an act or *omission* and its accompanying mental state." *Id.* § 1.07(10). "'Omission[,]'" in turn, "means failure to act." *Id.* § 1.07(34). "Conduct" is not an offense unless it is defined to be so by statute or otherwise. TEX. PENAL CODE § 1.03(a). So, "conduct" that constitutes a *failure to act* is only an offense when it is defined as such by, *e.g.*, statute; indeed, the law must "provide[] that the omission is an offense or otherwise provide[] that [the actor] has a duty to preform the [omitted] act." TEX. PENAL CODE § 6.01(c).

Section 22.04(1)(a) of the Penal Code defines one such offense. It

---

[1] In its entirety, Section 6.04(a) reads: "A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." TEX. PENAL CODE § 6.04(a).

[2] All emphases to the quoted materials are added by the author of this opinion unless otherwise specified.

authorizes prosecution of an offender when she ". . . intentionally, knowingly, or recklessly *by omission*, *causes* to a child . . . serious bodily injury[.]" TEX. PENAL CODE § 22.04(a)(1). "An omission that causes" serious bodily injury "is conduct constituting an offense under this section if . . . the actor has a legal or statutory duty to act; or . . . the actor has assumed care, custody, or control of a child[.]" *Id.* § 22.04(b). In this way, Section 22.04 of the Penal Code clearly regards the "failure to act" to be "conduct" that can actually "*cause*" a child serious bodily injury—at least so long as the actor has a duty to act, or if the actor has "care custody, or control" of that child, and the actor's "failure to act" is in dereliction of that duty.

In this case, Appellant was the child's mother. The "failure to act" that caused her child serious bodily injury, as alleged in the indictment, was two-fold: (1) her failure to protect the child from attack by her husband, the child's father; and (2) her failure to obtain timely medical intervention for the child following the brutal attack.[3]

At trial, Appellant argued that the "conduct" on her part—her "failure to act"—by which she is alleged to have "caused" her child serious bodily injury, also had a "concurrent cause" consistent with Section 6.04(a) of the Penal Code; namely, her husband's wholly independent "conduct" in viciously assaulting their child. Absent her

---

[3] Without objection from the State, the jury charge limited the jury's consideration to the first paragraph of a one-count, two paragraph indictment alleging that, on June 29, 2013, Appellant "recklessly, by omission, cause[d] serious bodily injury . . . to [J.D.], a child 14 years of age or younger, *by failing to protect* [J.D.] from being grabbed, squeezed, or shaken by Justin Clark Cyr, or *by failing to seek reasonable medical attention* for the said child, when [she] had a legal or statutory duty to act as the parent of the said child, or [she] had assumed care, custody, or control of the child[.]"

husband's act of *commission*, of course, the child would have suffered no injury at all. Appellant argues that there was evidence presented at her trial to support a jury finding that her husband's assaultive conduct was "clearly sufficient" to "cause" their child serious bodily injury while also supporting a finding that her own "conduct" in "failing to act" was "clearly insufficient" to "cause" that injury. Based on this evidence, she claimed on appeal, the trial court should have granted her requested instruction under Section 6.04(a). With such an instruction, she maintained, she would have been equipped to argue to the jury that, because her own "conduct" was independently "clearly insufficient" to "cause" the child's injury, the jury was authorized to reject the State's attempt to hold her "criminally responsible" for the "result" that her husband's "conduct" was independently "clearly sufficient" to "cause."[4] The court of appeals agreed, and reversed Appellant's conviction. *Cyr v. State*, 630 S.W.3d 380, 387, 389 (Tex. App.—Eastland 2021).

We granted the SPA's petition for discretionary review to try to

---

[4] Section 6.04(a)'s "unless" clause does not explicitly say that the concurrent cause must be *independently* "sufficient," while the actor's conduct, *independently* "clearly insufficient," to cause the proscribed result. But this Court has concluded in construing the statute that "[i]f the additional cause, other than the defendant's conduct, is clearly sufficient, *by itself*, to produce the result *and* the defendant's conduct, *by itself*, is clearly insufficient, then the defendant cannot be convicted." *Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986) (italicized "*and*" in the original). And I agree that this conclusion necessarily derives from the word "sufficient" itself. After all, unless conduct is "sufficient" *by itself* to cause a result, then it is not really "sufficient" at all. Any contrary reading of the "unless" clause would seem to render it self-nullifying. If, in deciding whether the actor's conduct is "clearly insufficient" to produce the proscribed result, a court would be entitled to consider the "clearly sufficient" concurrent cause, the actor's conduct will, by definition, always be likewise "sufficient" (indeed, "clearly sufficient"). The clause would entirely cancel itself out.

shed some light on the admittedly bizarre interface between the law authorizing criminal responsibility for "conduct" by "omission"—that is, the "failure to act"—and the law with respect to "causation," and, more particularly, "concurrent causation" as set out in Section 6.04(a). The SPA urges the Court to simply hold—as an absolute matter—that Section 6.04(a) has *no* application where criminal responsibility by *omission* is concerned, because the kind of "causation" contemplated by the "failure to act" upon a duty to do so is wholly removed from the sort of "causation" the Legislature had in mind in passing Section 6.04(a). The idea seems to be that, with an offense of omission, it is the dereliction of duty more than actually causing the proscribed "result" that is the *sine qua non* of the offense.[5] The Court today does not adopt the SPA's categorical approach, but it seems to me that it might as well have. For my part, I would affirm the judgment of the court of appeals and put the onus of clarification on the Legislature itself, if what it plainly said in Section 6.04(a) was somehow not what it believed it was saying.

## II. THE SPA'S ARGUMENT

I do not think the text of the applicable statutes will bear the

---

[5] In the conclusion of that part of its brief that makes this argument, the SPA asserts:

> When a parent has a legal duty to protect a child from injury but recklessly fails to do so, she is responsible for the result regardless of what or who the risk of injury was. If [A]ppellant is guilty of failure to protect, concurrent causation is inapplicable as a matter of law. That is what Section 22.04 effectively says. That is what this Court should explicitly say.

State's Brief on the Merits at 20.

construction the SPA would have us impose upon them. Section 22.04(a) explicitly regards an "omission"—a "failure to act"—as "conduct" that can "*cause*" serious bodily injury. There is no reason to suppose that such a "cause" would not be subject to the express provisions of Section 6.04(a), subject to that section's provision with respect to "criminal responsibility" for a result that would not have occurred "but for" that cause, even if there existed "another" "but for" "cause." TEX. PENAL CODE § 6.04(a).

It occurs to me that it will be the State, not a defendant, who will more often seek to invoke this opening clause of Section 6.04(a), in any case involving a "concurrent cause"—if only to foreclose a defensive argument that the defendant cannot be found "criminally responsible" because his was not the *only* "conduct" or "cause" "but for" which the proscribed "result" "would not have occurred[.]" *Id*. Nothing in the text of Section 6.04(a) suggests that it would regard conduct constituting an omission any differently than conduct constituting commission.[6] And

---

[6] The SPA likens criminal responsibility by concurrent cause involving omission to criminal responsibility as a party under Chapter 7 of the Penal Code, in which context Section 6.04(a) has been held not to apply. State's Brief on the Merits at 17; TEX. PENAL CODE Chapter 7; *Hanson v. State*, 55 S.W.3d 681, 699–700 (Tex. App.—Austin 2001, pet. ref'd). But criminal responsibility as a party under Chapter 7 of the Penal Code does not implicate "another cause" for a proscribed result. When an actor is found guilty as a party under Chapter 7, there is still (at least ordinarily) only one cause of the result as perpetrated by the conduct of the principal actor. The defendant is then criminally responsible for that cause by virtue of his independent behavior in, *e.g.*, soliciting, aiding, encouraging, etc., the conduct of the principal actor that caused the result. TEX. PENAL CODE § 7.03(a)(2). In contrast, when a defendant is criminally liable by virtue of his failure to act under Section 22.04(a), the defendant is criminally responsible for his own conduct, and the statute itself regards his "omission" as a "cause" of the proscribed result. So long as there is "another cause" as well, Section 6.04(a) is implicated.

there is no more reason to suppose conduct that constitutes an omission would not be *equally* subject to the section's "unless" clause: "unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." *Id*.

The SPA objects to such an application of Section 6.04(a) because it would thwart what the SPA deems the legislative intent of Section 22.04(a) to punish an actor for failure to adhere to her parental duties, which the SPA regards as the gist of the "omission" offense.[7] But this Court has consistently pronounced that the "gravamen" of injury to a child is the required "result," and this is true no less for a violation of the statute by *omission* than by *commission. See Villanueva v. State*, 227 S.W.3d 744, 748 (Tex. Crim. App. 2007) ("As we explained in *Jefferson* [*v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006)], the 'gravamen' of the offense is the same [whether the conduct is "omission" or "commission"]; the statute focuses on the result caused, without criminalizing any particularized conduct by which that result may have been caused."); *Nawaz v. State*, ___ S.W.3d ___, No. PD-0408-21, 2022 WL 2233864, at *6 (Tex. Crim. App. June 22, 2022) (noting that in

---

[7] *See* State's Petition for Discretionary Review at 4 ("Whatever the mechanism of injury, a defendant is criminally responsible for it if it would not have occurred but for her failure to act on her duty. That's the point."); *id*. at 5 ("The jury convicted [A]ppellant of recklessly causing serious bodily injury to her child in part because she failed to protect her from [her husband]. The evidence on that point has been found to be sufficient. That should make [A]ppellant responsible for the injury even if it occurred entirely at [her husband's] hands. * * * Concurrent causation should not apply to cases like this."); State's Brief on the Merits at 20 ("If [A]ppellant is guilty of failure to protect, concurrent cause is inapplicable as a matter of law. That is what Section 22.04 effectively says. That is what this Court should explicitly say.").

*Jefferson*, "the Court expressly held that the 'focus' of the injury to a child statute was the result of conduct, not whether any of the specified results are caused by act or omission"). Would the SPA prosecute a defendant who fails to protect her child or seek medical attention, as is her parental duty, in the face of the mere *threat* of an injurious result? Section 22.04(a) does not authorize that. On its face, it requires a finding that the omission actually "*caused*" an injurious "*result*."[8] And, as I have said, nothing in the text of Section 6.04(a) would exempt an omission that causes injury from its purview.

Finally, the SPA argues that for the Court to declare that Section 6.04(a) applies to omission offenses would perpetrate an absurdity, resulting in an inability on the State's part to *ever* prosecute omission offenses with any hope of success.[9] The SPA's concern in this regard is, in my view, exaggerated. As the Court's opinion today seems to recognize, Majority Opinion at 21–24, Appellant might still be

---

[8] Nor am I inclined to believe that Appellant could be successfully prosecuted for *attempted* injury to a child on these hypothetical facts, under Section 15.01(a) of the Penal Code. TEX. PENAL CODE § 15.01(a). To commit a criminal attempt under this provision, the actor must commit an "act" (not an "omission") that amounts to more than preparation that tends but ultimately fails to "effect" the commission of the offense intended. *Id*. She must also do so "with specific intent to commit" the offense. *Id*. This Appellant was charged only with *recklessly* causing serious bodily injury by omission. It is hard to imagine how she could be found guilty of harboring the specific *intent* to *recklessly* cause serious bodily injury. It would have to have been her "conscious objective or desire" to be "aware of but consciously disregard a substantial and unjustifiable risk that" "the result will occur." TEX. PENAL CODE § 6.03(a), (c).

[9] State's Brief on the Merits at 17 ("If failing to protect [Appellant's child] from [her husband] recklessly caused [the child's] injuries, [A]ppellant cannot be innocent because [her husband] caused [the child's] injuries. A contrary rule would be absurd. It would swallow the offense whole.").

prosecuted successfully, without triggering Section 6.04(a)'s "unless" clause, if her failure to obtain medical treatment for her child resulted in *additional* or incrementally *greater* injury to the child than her husband's conduct originally caused. *See Villanueva*, 227 S.W.2d at 749 (failing to obtain medical treatment for injury caused by another may result in a "separate and discrete" injury than that which was originally caused, which may be punished separately from causing the original injury consistent with double jeopardy principles); *Nawaz*, 2022 WL 2233864 at *6 n.7 (omission may result in a separately prosecutable offense if it results in a "separate and discrete, or at least incrementally greater injury") (quoting *Villanueva*). If her "failure to act" was not, by itself, "clearly insufficient" to cause that *separate*, *greater* injury, her omission will not be insulated from prosecution by Section 6.04(a), and she may still be convicted based on her omission.

### III. THE COURT'S OPINION

The Court divides its analysis into two parts. It first addresses whether Appellant was entitled to a concurrent causation instruction with respect to the State's first theory of prosecution, that Appellant failed in her duty to *protect* her child from her husband's assault. Majority Opinion at 15–21. It then separately analyzes whether she was entitled to a concurrent causation instruction regarding the State's second theory, that she failed in her duty to *seek medical attention* to treat the injury that her husband caused. *Id.* at 21–24. The Court concludes that, for different reasons, Appellant was not entitled to the instruction under either of the State's theories of omission. In my view, however, Appellant was entitled to the instruction as it relates to both

theories of omission.

## A. Failure to Protect

The Court asserts that evidence with respect to Appellant's failure-to-protect omission is really just an "alternative-cause" argument in disguise. *See* Majority Opinion at 16 ("Thus, we find Appellant is not arguing concurrent causation, but only alternative causation under the guise of concurrent causation."). Because the case does not even implicate a "concurrent cause," the Court seems to reason, it need not address the text of Section 6.04(a) at all to resolve whether an instruction was required. I could not disagree more strenuously with this approach.

This case clearly involves a concurrent cause, not a mere "alternative cause." An "alternative cause" is just what it suggests: a *different* causal agent for the result than that alleged in the State's charging instrument. *See Barnette v. State*, 709 S.W.2d 650, 651 (Tex. Crim. App. 1986) ("Appellant's theory was that she left the baby alone and he caused his own injury."). Here, Appellant is plainly invoking not an alternative cause, but "another cause"—a cause in *addition* to her own conduct—and one that she claims, with justification, operated "concurrently" with her omission to cause the child's initial injury as alleged in the indictment.[10] The question therefore plainly devolves into one of whether that concurrent cause was "clearly sufficient" to cause the injury while her omission was "clearly insufficient." TEX. PENAL

---

[10] It is admittedly odd to speak of the failure to *prevent* a result as a "cause" of that result. But, as already pointed out, it is Section 22.04(a) itself that has identified "omission" as a "cause" for the proscribed injury.

CODE § 6.04(a). The Court does at one point purport to invoke Section 6.04's "plain meaning," Majority Opinion at 17, but if anything, the Court simply ignores the actual language of Section 6.04(a) itself, never once directly referring to the "unless" clause in its analysis.

It seems to me that the "unless" clause could hardly have any plainer application than it does to the facts of this case. If Appellant's husband had not assaulted the child, the child would have suffered no injury at all. His commission of the offense was therefore "clearly sufficient" to cause the whole extent of the initial injury the child suffered.[11] On the other hand, Appellant's omission could not, by itself, have caused the child's initial injury. Failing to protect the child cannot cause an injury that no other causal agent ever inflicts. The jury could have rationally concluded that her omission was "clearly insufficient," by itself, to cause the injury. It should have been equipped, therefore, to acquit her on that basis. *Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986).

The Court seems (as best I understand) to justify simply ignoring the plain, literal language of Section 6.04(a) by invoking some vague alternative notion of "foreseeability," as gleaned from this Court's opinion in *Williams v. State*, 235 S.W.3d 742, 764 (Tex. Crim. App. 2007). Majority Opinion at 17–18. It further cites to sources such as (1) a treatise, (2) the Model Penal Code, and (3) civil law notions of

---

[11] One might argue that, had Appellant only satisfied her duty to protect the child, her husband's conduct in assaulting the child would not have been "clearly sufficient" to cause the injury. But this fails to regard her husband's conduct "by itself" in applying Section 6.04(a)'s "unless" clause. *See* note 4, *ante*. His conduct "by itself" was clearly sufficient to cause the injury.

"proximate causation" as apparent justification for transposing the plain terms of Section 6.04(a), including its "unless" clause, into an inquiry about culpable mental states. *See id.* at 18−19 ("Foreseeability is an implicit requirement for causation that criminal law addresses through culpability."); *see also id.* at 21 ("Appellant's arguments contest culpability, rather than allege concurrent causes."). Ultimately, the Court seems to conclude that, because the jury was already equipped to acquit Appellant if it should find that she lacked the requisite culpable mental state of recklessness, there was no need for a concurrent causation instruction—indeed, that such an instruction would only have served to confuse the jury. *Id.* at 16, 20. This is all purest judicial invention, finding no origin whatsoever in the literal text of the statute. I cannot subscribe to it.

## B. Failure to Seek Medical Attention

In addressing the State's second theory of omission (failure to seek timely medical attention), the Court observes that "any causal dispute regarding the source of [the child's] initial injury necessarily would not apply to the subsequent failure to provide reasonable medical care." Majority Opinion at 22. I agree with that in part. Here is where I think I agree with the Court: Under the "unless" clause of Section 6.04(a), Appellant would have to show that her omission in failing to seek medical attention was "clearly insufficient" to cause whatever *greater*, *incremental* injury that may have occurred, beyond that which was caused by her husband in the initial assault.

But here, Appellant's husband's initial assault was also an obvious "but-for" cause of the separate, greater injury. So, for Appellant

to obtain the concurrent causation instruction, she must have been able to point to evidence in the record that would permit the jury to rationally conclude that her husband's initial assaultive conduct would *inevitably* have caused the incrementally greater injury *regardless* of any medical intervention—and thus, that her omission in failing to obtain such medical care was "clearly insufficient" to cause that greater injury. Otherwise, she would not be entitled to a Section 6.04(a) instruction.

This was the same theory of omission that the court of appeals focused on in its opinion. *Cyr*, 630 S.W.3d at 386–87. It held that, because the most the medical experts could say was that it was "possible" that timely medical intervention "could" have mitigated the child's injuries, a rational jury might still have found that Appellant's failure to seek medical attention was "clearly insufficient" to cause the greater incremental injury, while her husband's conduct was "clearly sufficient." *Id.* at 387, 391. Under those circumstances, the concurrent cause provision Section 6.04(a), including the "unless" clause, would be invoked. I see no reason to second-guess that assessment. I therefore agree with the court of appeals that Appellant was entitled to a concurrent cause instruction on that theory of omission as well.[12]

---

[12] Indeed, Appellant may well have been entitled to separate application paragraphs to apply concurrent causation to the two discrete injuries that the Court today has identified: (1) the injury Appellant "caused" by failing to protect her child from the initial assault, and (2) the incrementally greater injury caused by her failing to seek medical attention. Moreover, that separate injuries are involved raises certain other potential anomalies as well—albeit anomalies that have not been raised by the parties in this case and are not before us in our present review. I do not, therefore, advocate that the case should be reversed on these bases, but only mention them in passing.

First, if the injury that is the object of the failure-to-protect allegation is different than the injury that is the object of the failure-to-seek-medical-

### IV. Conclusion

I would affirm the court of appeals' judgment. A plain reading of the statute dictates as much. If the Legislature is dissatisfied with its handiwork, it is up to the Legislature to modify the statutory scheme. It is not this Court's job to ignore or tweak plain statutory language to suit its own sensibilities. I respectfully dissent.

**FILED:**                                        December 21, 2022
**PUBLISH**

---

attention allegation, then the State may well have drafted an indictment that suffers from duplicity. *See* George E. Dix & John M. Schmolesky, 42 Texas Practice: Criminal Practice and Procedure § 25:207, at 338 (11th ed. 2011) ("Duplicity also occurs if one count alleges several violations of the same penal statute. Whether a count is duplicitous under this rule may depend upon precisely what constitutes a single violation of one underlying penal statute."). Because injury to a child is a result-of-conduct offense, the allowable unit of prosecution is a function of how many injuries occurred. *Nawaz*, 2022 WL 2233864 at *6. The first paragraph of Appellant's indictment, which combines both theories of omission, apparently alleges two discrete injuries, and therefore two offenses, at once. Such an indictment could arguably be subject to a motion to quash. *See* Tex. Code Crim. Proc. art. 21.24(b) ("A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.").

Second, while it is true that jurors do not ordinarily have to attain unanimity with respect to the manner and means by which offenses are committed, here, the two manners and means ("failure-to-protect" and "failure-to-seek-medical-attention") would seem to pertain to discrete offenses: the initial injury, and the incrementally greater injury resulting from not obtaining medical treatment, respectively. Arguably, Appellant may have been entitled to an instruction to the jury that it could not convict her on either theory without first reaching unanimous agreement. *Cf. Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007) (requiring jury unanimity with respect to separate statutorily defined results under the injury to a child statute).