**Reversed and Remanded and Opinion filed June 29, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00094-CR

---

### HERBERT BRISCOE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 183rd District Court
### Harris County, Texas
### Trial Court Cause No. 1739168

---

### O P I N I O N

A jury found appellant Herbert Briscoe guilty of aggravated assault for his role in a gunfight that resulted in the death of complainant Kionn Lamothe. After appellant pleaded true to an enhancement paragraph, the jury assessed his punishment at 25-years' imprisonment. Tex. Penal Code Ann. § 22.02(b)(1). In two issues, appellant argues that the trial court erred by (1) allowing the State "to alter the indictment over the objection of the Defense" and (2) instructing the jury on concurrent causation.

Because appellant did not object as required by article 28.10 to the alleged amendment of the indictment, we conclude that the trial court did not err in directing the State to alter the indictment to remove the name of one of the two complainants identified in the indictment, Tex. Code Crim. Proc. Ann. art. 28.10(b), (c). We further conclude that the trial court erred by including an instruction on concurrent causation in the jury charge, and that appellant was harmed by its inclusion. Accordingly, we reverse appellant's conviction for aggravated assault and remand for a new trial.

## I.    BACKGROUND

In December 2016, appellant attended a concert at a nightclub in midtown Houston. After getting into an altercation inside the club with complainant and others, appellant left the club and sat in his vehicle in the parking lot. After appellant had been sitting alone in his parked vehicle for some minutes, complainant, Marvin Hart, and a third individual left the club and walked through the parking lot by appellant's vehicle. After they walked past, appellant got out of his vehicle and started shooting a gun in their direction. Another shooter responded and engaged in a gunfight; however, appellant disputed the evidence that he started the gunfight. Complainant was killed in the gunfight. Hart, who had been walking with complainant, was shot as well but survived the shooting.

The second shooter was never identified or located. Because the bullet that killed complainant went through complainant and was never found, it was disputed whether it was appellant's bullet that struck complainant. In contrast, the bullet that struck Hart remained in his body and was linked to appellant. For that reason, appellant was convicted of aggravated assault of Hart in a separate, previous proceeding.

The State charged appellant with three counts of murder. However, after

2

deliberations, the jury found appellant guilty of the lesser-included offense of aggravated assault.

## II. ANALYSIS

### A. Indictment

In issue one, appellant contends the trial court erred by "granting any amendment of the indictment during trial over the timely objection of defense counsel." Appellant further argues the amendment violated Code of Criminal Procedure article 28.10(c) and harmed him.

The State argues, in response, that its proposal or agreement to altering the indictment constituted an abandonment rather than an amendment, which did not violate article 28.10(c). In the alternative, the State argues that even if this court were to conclude that such changes to the indictment could constitute an amendment under article 28.10(c), the indictment was never amended or altered. Instead, the jury charge was drafted to exclude Hart's name.

### 1. Alteration of the indictment

Appellant was charged with murder by indictment for the death of complainant, which included three counts. *See* Tex. Penal Code Ann. § 19.02(b)(1), (2). The third count alleged that appellant committed an aggravated assault and in the course of committing the felony caused the death of complainant:

> It is further presented that in Harris County, Texas, HERBERT BRISCOE, hereafter styled the Defendant, heretofore on or about DECEMBER 31, 2016, did then and there commit a felony, namely AGGRAVATED ASSAULT, and in the course of and in furtherance of the commission of the offense, committed an act clearly dangerous to human life, namely by SHOOTING at MARVIN HART and KIONN LAMOTHE, in a public place occupied by others, and did thereby cause the death of KIONN LAMOTHE.

During pretrial proceedings, appellant argued the foregoing language violated the

3

prohibition against double jeopardy because appellant had already been convicted of aggravated assault of Hart. The State argued that double jeopardy was not applicable because appellant had not already been tried for the death of complainant and because the indictment in this case contained an additional element beyond what was necessary to convict appellant for the aggravated assault against Hart.

After the State asked for aggravated assault to be included in the charge as a lesser-included offense of murder, the trial court expressed concern about the inclusion of Hart in the indictment and directed the State to remove or abandon their allegations relating to Hart in the indictment.

The charge given to the jury did not contain any reference to Hart.

### 2. No objection to any alteration or amendment

Even if the alteration requested by the trial court were an amendment as contemplated by article 28.10 (an issue we do not decide in this opinion), appellant did not object as required by article 28.10. Tex. Code Crim. Proc. Ann. art. 28.10(b). After a trial on the merits has begun, a matter of form or substance in an indictment may be amended only if the defendant does not object. *Id*. Further, an indictment may not be amended over a defendant's objection "if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." Tex. Code Crim. Proc. Ann. art. 28.10(c). Though appellant alleges an amendment occurred, the record reflects no objection to an alleged amendment of the indictment.

Although appellant repeatedly objected to the indictment on the grounds it subjected him to double jeopardy, he never objected to the removal of Hart's name from the indictment. To the contrary, in making a bill of exceptions on another matter, appellant stated that "we did further reach the agreement to remove

4

'Marvin Hart'" from the indictment.[1]

Though we agree with appellant that article 28.10(b) prohibits any mid-trial amendments over defendant's objection, we find no objection to any alleged amendment by appellant in the record. Therefore, we conclude there was no error on the part of the trial court.

We overrule appellant's issue one.

## B.    Concurrent-causation instruction

In issue 2, appellant argues that the trial court erred by including an

---

[1]Appellant made no objections during the discussions on this issue during trial. The discussion concluded with the following exchange:

| THE COURT: | I think they're saying they're going to abandon that from their indictment. |
|---|---|
| [Counsel for the State]: | And, Judge, I think the law is clear that the State is allowed to abandon even in mid-trial. |
| THE COURT: | I understand. Everybody loves to say the law is clear whether it's clear or not but -- |
| [Counsel for appellant]: | I don't think it's ever clear. |
| THE COURT: | I think they can do that. So that's their solution. What say you? |
| [Counsel for appellant]: | I — I think if they abandon that paragraph, then that's fine. |
| THE COURT: | What's fine? |
| [Counselfor appellant]: | Just charging on count one and count two. |
| . . . . | |
| THE COURT: | They are not abandoning paragraph three, Counsel. They're only abandoning that complainant from their enhancement – from their indictment. They're not going to charge the jury on that complainant. And I'm asking you, how does that remedy your objection or does it? And if so, okay. And if not, why. That's what I'm asking you. |
| [Counsel for appellant]: | I understand. I understand. I'm thinking. |

Appellant did not make any further comment or lodge an objection.

5

instruction on concurrent causation in the jury charge. At the charge conference, appellant objected to the inclusion of a concurrent-causation instruction in the jury charge because the State did not provide notice in the indictment and because the instruction in combination with felony-murder charge created the possibility for a non-unanimous jury verdict. *See* Tex. Penal Code Ann. § 6.04(a). On appeal, appellant argues the improper instruction harmed him because it allowed the jury to convict him on an improper theory of the law. In response, the State argues that the trial court did not err, but even if it did there was no harm.

### 1.    Standard of review

A claim of jury-charge error is reviewed in two steps. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). We first determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, then we analyze that error for harm. *Id*. Where there was a timely objection, appellant must show he suffered "some harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); Tex. Code Crim. Proc. Ann. art. 36.19.

### 2.    Jury instruction

At the request of the State, the jury charge included the following instruction:

> A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient.
>
> Therefore, if you find from the evidence beyond a reasonable doubt that the death of Kionn Lamothe would not have occurred but for the defendant's conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the

defendant clearly insufficient, you will find the defendant criminally responsible. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will find the defendant not criminally responsible and say by your verdict "Not Guilty".

The first paragraph of the instruction recites the provision for causation in the Penal Code. *See* Tex. Penal Code Ann. § 6.04(a); *see also Thompson v. State*, 93 S.W.3d 16, 22 (Tex. Crim. App. 2001) (section 6.04(a) governs concurrent causation).

### 3.    Causation

We begin by determining whether concurrent causation was raised by the evidence. Causation is established when the conduct of the defendant is the "but for" cause "operating either alone or concurrently with another cause."[2] Tex. Penal Code Ann. § 6.04(a); *Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986). "But for" causation establishes culpability or criminal responsibility. *Cyr v. State*, No. PD-0257-21, 2022 WL 17825857, at *5 (Tex. Crim. App. Dec. 21, 2022). Even so, the law still requires foreseeability.

In *Williams v. State*, the court of criminal appeals reviewed the conviction of a mother for the offense of injury to a child after her two children died in an accidental house fire while supervised by the mother's boyfriend. 235 S.W.3d 742 (Tex. Crim. App. 2007). The court explained that foreseeability limits causation because the "defendant's conduct must be a direct cause of the harm suffered":

> Obviously, some element of foreseeability limits criminal causation just as it limits principles of civil "proximate causation." Criminal liability is predicated on "but-for" causation, and appellant's acts are not a "but-for" cause of her girls' death unless that result is within the scope of the risk of which she was aware.

---

[2] "Another cause" is one in addition to the actor's conduct, an "agency in addition to the actor." *Robbins*, 717 S.W.2d at 351 n.2 (internal citation omitted).

*Williams*, 235 S.W.3d at 755, 764. The court further expressed "distaste for expansive views on causation." *Id*.

### 4.     Concurrent causation

The concept of concurrent causation, as provided in section 6.04(a) allows causation to be found even if the defendant is not the sole cause of the harm. Tex. Penal Code Ann. § 6.04(a). However, the concurrent-causation instruction addresses a narrower subset of concurrent causation in which "the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." Tex. Penal Code Ann. § 6.04(a). The instruction is also one that "does not dispute the culpable act or mental state alleged by the State and merely blames another for the result." *Cyr*, 2022 WL 17825857, at *6.

Addressing confusion over the application of the concurrent-causation instruction among lawyers and trial courts,[3] the court of criminal appeals recently clarified the specific circumstances that raise the instruction:

> To illustrate: Two arsonists each light fire to the same house, one on the east side and one on the west side, both of which are independently sufficient to burn the house to the ground. Neither arsonist is entitled to an instruction on concurrent causation and both are criminally liable. The same result is reached if both fires would independently be insufficient to burn the house to the ground, but the combined force of the east fire and the west fire causes such a result. Only where the east arsonist can produce evidence that his fire was clearly insufficient to burn the house to the ground, and the west arsonist's clearly sufficient acting alone, would the east arsonist be

---

[3] We further note that the Pattern Jury Charge Committee—Criminal generally cautions against including a concurrent-causation instruction in jury charges because trial courts are sometimes "[u]nable to determine how specifically concurrent causation might apply to the facts of the cases" and "they do not seriously attempt to apply the abstract law to these facts." *See* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Criminal Pattern Jury Charges* CPJC 1.8 cmt. (2018). The Committee's commentary further suggests that "rigorous efforts to apply causation law to the facts may lead to conclusions that this law simply is inapplicable." *Id*.

entitled to an instruction on concurrent causation and potentially escape liability for the full extent of the damage caused under concurrent causation.

*Cyr*, 2022 WL 17825857, at *5. Restated: If there are two causes, which both satisfy "but for" causation, a criminal defendant remains liable if his conduct was either sufficient to have caused the result "'regardless of the existence of a concurrent cause,' or both causes 'together' were sufficient to cause the result."[4] *Cyr*, 2022 WL 17825857, at *5 (quoting *Robbins*, 717 S.W.2d at 351). For this reason, the court concluded that "[c]oncurrent causation should not be over construed to encompass culpability disputes appropriately addressed by the essential elements of the crime." *Cyr*, 2022 WL 17825857, at *9.

As it applies to the facts of this case, the State was arguing all along that appellant was a "but for" cause of the complainant's death. The instruction was not implicated because there is no evidence that "two or more causes satisfy 'but for' causation." *See id*. at *5. Rather, appellant's defense raised an alternative cause. *See Barnette v. State*, 709 S.W.2d 650, 651 (Tex. Crim. App. 1986) (discusses concurrent cause and alternative cause). An alternative cause "is simply a different version of the facts, one which negates at least one element of the State's case."[5] *Id*. at 652. There was a single bullet that caused complainant's death and the question for the jury was whether appellant's conduct was the cause of complainant's death, or whether it was the conduct of another. Therefore, the

---

[4] The court's opinion in *Cyr* reaffirms that the concurrent-causation instruction is a defensive instruction because its only application is to allow a criminal defendant to potentially avoid liability if his conduct alone was not sufficient to cause the harm or damage at issue in the case. *Cyr*, 2022 WL 17825857, at *5.

[5] A defendant is not entitled to a defensive instruction on an alternative cause because the defensive issue merely negates an element of the offense and offering a special instruction would "needlessly draw a jury's attention to the evidence" of alternative cause. *Walters v. State*, 247 S.W.3d 204, 210 (Tex. Crim. App. 2007) (quoting *Giesberg v. State*, 984 S.W.2d 245, 250 (Tex. Crim. App. 1998)).

9

culpability dispute was "appropriately addressed by the essential elements of the crime."[6, 7] *Cyr*, 2022 WL 17825857, at \*9 (citing *Barnette*, 709 S.W.2d at 652).

We conclude the evidence did not raise the issue of concurrent causation, and the trial court erred by including the concurrent-causation instruction in the jury charge. Because appellant timely objected to the instruction, we now evaluate harm.

### 5.      Harm

"[E]rror which has been properly preserved by objection will call for reversal as long as the error is not harmless." *Almanza*, 686 S.W.2d at 171. Therefore, we review the record to evaluate whether defendant "suffered some actual, rather than merely theoretical, harm from the error." *Warner v. State*, 245 S.W.3d 458, 462 (Tex. Crim. App. 2008). The harm analysis requires consideration of (1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) other relevant factors present in the record. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

On appeal, appellant argues the concurrent-causation instruction confused and misled the jury because it authorized the jury to convict on an improper theory of the law. Specifically, appellant argues the jury was authorized to convict him

---

[6] Sec. 22.01. ASSAULT. (a) A person commits an offense if the person: . . .

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; [or]

(2) intentionally or knowingly threatens another with imminent bodily injury[.]

Tex. Penal Code Ann. § 22.01(a)(2).

[7] Sec. 22.02. AGGRAVATED ASSAULT. (a) A person commits an offense if the person commits assault as defined in Sec. 22.01 and the person:

(1) causes serious bodily injury to another, including the person 's spouse; or

(2) uses or exhibits a deadly weapon during the commission of the assault.

Tex. Penal Code Ann. §22.02.

10

even if they did not find beyond a reasonable doubt that appellant was the person who shot complainant.

In response, the State argues that the instruction did not broaden the charges against appellant. The instruction merely authorized the jury to convict appellant for causing the death of complainant if "the terms of Section 6.04(a) were satisfied." If the jury followed the law, the State maintains the jury necessarily did not convict appellant on an improper basis.

<u>The parties' arguments</u>

Though the concurrent-causation instruction included in the jury charge was a correct expression of the law, the State's arguments muddied the issue. Although the State's primary theory at trial was that appellant shot complainant in the back intentionally (with the intent to kill or cause bodily injury) as revenge for an altercation that occurred inside the club, the State also argued that the jury could still convict appellant of the third count—felony murder—even if the jury believed that the bullet that killed complainant came from the unidentified shooter because it was appellant who started the gunfight.

To bolster this felony-murder theory, the State requested a concurrent-causation instruction because "we're talking about an unknown third party." The trial court expressed concern that "it's almost like you're naming another way the jury can find him guilty[,]" to which the State responded, "the argument I'm making under felony murder only comes in if we get the concurrent causation charge which is why its necessary." Although the State's argument is based on an incorrect understanding of the concurrent-causation instruction, the State effectively argued to the trial court that the instruction would allow the jury to convict even if they did not believe that appellant was guilty of felony murder:

11

[Counsel for the State]: So my expectation would be that they're going to argue it was solely the third party who caused the death and that the defendant was in no way responsible. So that would be —

THE COURT: Okay. That means he wouldn't be guilty of felony murder.

[Counsel for the State]: Right. Well, and I think that's when concurrent causation comes in because it explains the ways he can be guilty basically saying you're responsible, either alone or concurrently, and it's only insufficient when it is solely this third party.

The State then made similar arguments to the jury that appellant caused complainant's death, if not intentionally, by starting the gunfight:

. . . [E]ven if you want to believe that it could have been the unidentified shooter who shot [complainant], even though the detective explained how it couldn't have been him, but even if you want to give [appellant] that benefit of the doubt, under that [felony murder] paragraph he's still guilty of murder because he was the catalyst. He started the domino effect. He started the shootout. He's responsible, and he is guilty.

We agree with appellant that the State argued to the jury that they could convict on an improper theory of the law.[8] The State argued that appellant was responsible for the death of complainant regardless of whether it was his bullet that killed complainant. The State's explanation was that appellant fired first and caused a chain reaction that resulted in complainant's death. However, the State never produced any evidence of foreseeability, which bears on whether appellant acted with the appropriate mens rea—in this case, that appellant intentionally or

---

[8] Penal Code section 7.02, often referred to as the law of parties, provides that a defendant is criminally responsible for an offense committed by another if the defendant acts "with the kind of culpability required for the offense" and "causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense." Tex. Penal Code Ann. § 7.02(a)(1). The State did not seek a section-7.02 instruction, nor was one included; however, a section-7.02 instruction does address a situation in which a defendant's conduct causes another person to engage in the conduct prohibited by the offense—here the State was arguing murder.

knowingly caused the death of (or injuries to) complainant. The second shooter was unidentified and there was no evidence in the record the unidentified shooter knew appellant or complainant. There was also no evidence in the record that appellant saw the second shooter before the gunfight and was aware of his presence or his firearm.

The surveillance video reflects appellant was sitting in his car before the gunfight. After complainant and Hart walked past his car, appellant got out of the vehicle and began firing in their direction. At that point in time, the surveillance video reflects appellant had his back to the second shooter. Once the second shooter fired, appellant turned around and engaged in a gunfight with the second shooter. This evidence, however, does not establish a basis of foreseeability on the part of appellant that firing his weapon might cause another individual to shoot and kill complainant. The facts of this case are distinguishable with respect to foreseeability from precedent relied on by the State. *See Dowden v. State*, 758 S.W.2d 264, 268 (Tex. Crim. App. 1988) (appellant convicted of capital murder after engaging in gunfight with police causing one police officer to mistakenly fire at, and kill, another officer); *Ryder v. State*, 581 S.W.3d 439, 451 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (during course of sex with minor complainant, appellant caused his wife's sexual organ to contact complainant's mouth and complainant's sexual organ to contact his wife's mouth).

Ultimately, the existence of a causal connection is a question for the jury's determination. *Fountain v. State*, 401 S.W.3d 344, 358 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). However, the State's arguments confused the jury about its role in determining causation because the jury was repeatedly told that causation existed if appellant was the first to fire a gun.

13

<u>Other relevant information in the record</u>

The jury's confusion is evident in the record. The jury sent six different notes to the trial court. One of the jury notes asked for clarification on the elements of murder:

> In the charge, the section defining murder states, "if you find from the evidence beyond a reasonable doubt on or about the 31st of December 2016, in Harris County, Texas, the defendant, Herbert Briscoe, did then and there commit a felony, namely, aggravated assault, and in the course or furtherance of the commission of the offense, committed an act dangerous to human life, namely, by shooting at Kionn Lamothe, then you will find the defendant guilty of murder, as charged in the indictment." Does the verbiage "by shooting at Kionn Lamothe" mean specifically shooting at the individual, or does shooting towards the individual's general direction?

This jury note reflects the jury believed that appellant shot in complainant's direction and was grappling with whether this act was sufficient to establish his culpability for the death of complainant. Although the trial court responded by referring the jury to the evidence and the jury charge, neither the jury charge nor the evidence resolve the jury's confusion. While the elements of both murder and aggravated assault require that appellant acted "intentionally and knowingly," the concurrent-causation instruction recites the more general causation standard that "if you find from the evidence beyond a reasonable doubt that the death of [complainant] would not have occurred but for the [appellant's] conduct . . . operating alone or concurrently with another cause . . . you will find the [appellant] criminally responsible."

Despite all the arguments at trial focusing on the charged offense of murder, it is noteworthy the jury convicted appellant with the lesser-included offense of aggravated assault.

As instructed by the charge,[9] the jury had to find that appellant *intentionally* or *knowingly* caused bodily injury to complainant to convict appellant of aggravated assault.[10] However, aggravated assault, a lesser-included offense of murder, requires the same mens rea as murder—in this case, harm that is intentionally or knowingly caused. Given the lack of physical evidence tying appellant to the death of the complainant, the jury note described above in combination with the verdict reflects a jury confused about the law and what the State had to prove to secure a conviction of appellant.

---

[9] The charge instructed the jury as follows:

> If you find from the evidence beyond a reasonable doubt that on or about the 31st day of December, 2016, in Harris County, Texas, the defendant, Herbert Briscoe, did then and there commit a felony, namely, aggravated assault, and in the course or furtherance of the commission of the offense, committed an act clearly dangerous to human life, namely, by shooting at Kionn Lamothe, in a public place occupied by others and did thereby cause the death of Kionn Lamothe, then you will find the defendant guilty of murder, as charged in the indictment.

> You are further instructed that before a person can be guilty of murder he must have intentionally or knowingly caused the death, or he must have intended to cause serious bodily injury and have intentionally or knowingly committed an act clearly dangerous to human life that caused the death of the deceased. Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, or if you are unable to agree, you will next consider whether the defendant is guilty of the lesser offense of aggravated assault.

> A person commits the offense of assault if the person intentionally or knowingly causes bodily injury to another.

> A person commits the offense of aggravated assault if he commits assault, as hereinbefore defined, and the person:

>> (1) causes serious bodily injury to another; or

>> (2) uses or exhibits a deadly weapon during the commission of the assault.

[10] We note that the jury charge does not correctly reflect the elements of assault as defined in the Penal Code. Tex. Penal Code Ann. § 22.01(a)(1). However, appellant did not object in the trial court, nor does he raise the issue on appeal. In addition, appellant does not challenge the sufficiency of the evidence of assault.

In requesting the concurrent-causation instruction, the State conflated concurrent causation (was the conduct of the second shooter also a cause complainant's death) with causation generally (was appellant a "but for" cause of complainant's death) and criminal responsibility for the conduct of another (was appellant responsible for causing the conduct of the second shooter). The State's argument that appellant was responsible for everything that occurred after he shot in the direction of complainant, in conjunction with the concurrent-causation instruction, created confusion in the jury. The fact that the charge contained a concurrent-cause instruction implied there was a concurrent cause involved or at least evidence to support a finding of a concurrent cause. *See Reeves v. State*, 420 S.W.3d 812, 819 (Tex. Crim. App. 2013) ("We agree with the court of appeals that '[t]he provocation instruction's presence in the jury charge implied that there was some evidence to support every element of the provocation doctrine when there was not.'"). Although not applicable to the facts of the case, the concurrent-causation instruction appears to be a comment on the evidence bolstering the legal theory argued by the State (the death of Kionn Lamothe would not have occurred but for the defendant's conduct. . . operating either alone or concurrently with another cause).

This confused the jury into believing that the charge authorized appellant's conviction even if they did not find the elements of the offense beyond a reasonable doubt. *See Reeves*, 420 S.W.3d at 818 ("it is the function of the charge to lead and to prevent confusion"); *Smith v. State*, 612 S.W.3d 711, 719–20 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (jury charge error that is likely to confuse or mislead can weigh in favor of "some" harm under *Almanza*). Given these considerations, we cannot say with "fair assurance" that the error did not have an "injurious effect or influence in determining the jury's verdict." *Trevino v. State*, 100 S.W.3d 232, 243 (Tex. Crim. App. 2003); *see also Elizondo v. State*,

16

487 S.W.3d 185, 209 (Tex. Crim. App. 2016) (concluding appellant suffered some harm when jury was instructed on provocation doctrine absent any evidentiary support); *State v. Lausch*, 651 S.W.3d 546, 558 (Tex. App.—Houston [14th Dist.] 2022, pet. ref'd) (excerpt of case law inadvertently attached to verdict form resulted in some harm to defendant); *Watts v. State*, 140 S.W.3d 860, 868 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) ("While it is unseemly to predicate reversible error upon an accurate statement of the law, the Court of Criminal Appeals clearly suggests by its opinion that an appellant may be harmed by such an instruction.").

We conclude, therefore, that the inclusion of the instruction resulted in some harm to the appellant and constitutes reversible error.[11] Accordingly, we sustain issue two.

### III.  CONCLUSION

Because we conclude that the trial court erred by including a concurrent-causation instruction in the jury charge and that appellant was harmed by the inclusion of the instruction, we reverse the judgment and award a new trial to appellant. *See* Tex. Code Crim. Proc. Ann. art. 44.29(a).


/s/    Charles A. Spain
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.

Publish — Tex. R. App. P. 47.2(b).

---

[11] Having identified some harm to appellant arising from the two *Almanza* factors considered, we need not consider the remaining factors. *See* Tex. R. App. P. 47.1; *see also Almanza*, 686 S.W.2d at 171.